United States District Court
for the
Southern District of Florida

| Maggie Gibbs, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) Civil Action No. 19-80988-Civ-Scola |
| | ) |
| Wal-Mart Stores, Inc., Defendant. | ) |

## **Order Granting Stay in Part**

Plaintiff Maggie Gibbs complains that her employer, Wal-Mart Stores, Inc., discriminated against her on the basis of her gender. She seeks relief under theories of both disparate treatment as well as disparate impact. In response, Walmart has filed a motion to dismiss. (ECF No. 7.) Walmart argues, among other things, that the Plaintiff fails to state a claim under either theory. Walmart now asks the Court to stay discovery until the Court rules on its motion to dismiss. (ECF No. 8.) The Plaintiff objects to the stay, arguing that no discovery has yet been requested and, in any event, Walmart's motion to dismiss is not "clearly meritorious." (Pl.'s Resp., ECF No. 13.) Having considered the parties' arguments and for the following reasons, the Court is not persuaded that a limited stay in this case is warranted and therefore **denies in part and grants in part** Walmart's request for a stay of discovery. (**ECF No. 8**.)

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.) As a general rule, preliminary motions which may likely dispose of an entire suit should be resolved as soon as practicable to obviate avoidable discovery costs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). However, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the *entire case*." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (emphasis added).

To evaluate whether there is a strong likelihood "the motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at its merits. *Feldman v. Flood,* 176 F.R.D. 651, 652–53 (M.D.Fla.1997) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of

proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and protraction of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53. Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

      The Court has taken a preliminary peek at the merits of Walmart's motion. Although the Court does not find that it appears to have a strong likelihood of disposing of the *entire* case, it appears Walmart's motion with respect to the Plaintiff's disparate impact claim is clearly meritorious. And if the motion to dismiss is granted with respect to this claim, which appears likely at this preliminary stage, the need for discovery on that issue will be obviated. With respect to the Plaintiff's disparate treatment claim, however, there does not "appear[] to be an immediate and clear possibility that [the motion] will be granted." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). In light of this determination, and after weighing "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery," *Feldman*, 176 F.R.D. at 652, the Court **stays discovery with respect to the Plaintiff's disparate impact claim, but not with respect to the Plaintiff's disparate treatment claim.**

      Discovery regarding the Plaintiff's disparate impact claim is therefore **stayed** until this Court issues its order on Walmart's motion to dismiss. If the motion is ultimately denied as to the disparate impact claim, discovery on that issue must immediately move forward.

      Additionally, the Court lifts the previously imposed suspension of briefing of Walmart's motion to dismiss. The Plaintiff must respond to Walmart's motion to dismiss on or before **November 4, 2019**. Walmart must file its reply, if any, within seven days of the Plaintiff's filing of her response. The Court also orders the parties to file, on or before **October 25, 2019**, an amended joint discovery plan and conference report, specifically as it relates to *this* case.

      Further, to the extent the Plaintiff has a good faith belief that the discovery issues raised in the motion filed in *Allred v. Wal-Mart Stores, Inc.*, Case No. 19-80922-Civ-RNS, ECF No. 23, Pl.'s Mot. (S.D. Fla. Oct. 8, 2019), apply in *this* case, she may refile an amended motion in this case, taking care that she raises

only discovery issues that are particular to her own case.

**Done and ordered**, at Miami, Florida, on October 10, 2019.

_____
Robert N. Scola, Jr.
United States District Judge